UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS MYERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01796-JPH-KMB |
| | ) | |
| STATE OF INDIANA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**

On October 4, 2023, Thomas Myers filed a petition for a writ of habeas corpus challenging his involuntary commitment pursuant to a state court order in Indiana cause number 18C04-2010-F6-000616. Dkt. 1. The respondent has moved to dismiss the petition, arguing that his petition is moot because he has been released from his involuntary commitment. Dkt. 13. Mr. Myers has not responded, and the time to do so has passed. For the following reasons, this case is **dismissed as moot**.

## I. Background

On October 1, 2020, the State charged Mr. Myers with Level 6 felony attempted battery on a public safety official, Class A misdemeanor resisting law enforcement, Class A misdemeanor criminal trespass, and Class B misdemeanor disorderly conduct. Dkt. 13-3. After an initial hearing and numerous delays to accommodate Mr. Myers' attempts to secure counsel and later represent himself, he was eventually represented by Deputy Public Defender Kelly Bryan. Dkt. 13-1 at 4-18.

On June 13, 2023, Ms. Bryan filed a motion asking the court to have Mr. Myers evaluated to determine whether he was competent to stand trial. Dkt. 13-5. Ms. Bryan explained that her attorney-client relationship with Mr. Myers had "deteriorated," he had become "verbally abusive, profane and threatening" toward her, and he had "'lost the competency to stand trial." *Id.* at 1.

On June 23, 2023, the court granted Ms. Bryan's motion and appointed two independent professionals to evaluate Mr. Myers' competency to stand trial. Dkt. 13-6. A hearing was held on July 28, 2023. Dkt. 13-1 at 21. On September 6, 2023, the state court found that Mr. Myers lacked the competency to stand trial and entered an order committing him to the Indiana Division of Mental Health and Addiction (DMHA) pursuant to Indiana Code Section 35-36-3-3. Dkt. 13-8.

On October 4, 2023, Mr. Myers filed his petition for a writ of habeas corpus in this Court. Dkt. 1. On October 13, 2023, the DMHA Superintendent filed a report in state court certifying that Mr. Myers had been restored to competency. Dkt. 13-1 at 23. He was transported back to Delaware County on October 17, 2023, and was released on his own recognizance the following day. *Id* at 24. His jury trial was reset to occur on February 2, 2024. *Id.*

**II. Discussion**

"A case becomes moot [and the federal courts lose subject matter jurisdiction] when it no longer presents a case or controversy under Article III, Section 2 of the Constitution. 'In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the

outcome.'" *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

Mr. Myers' habeas petition challenges his involuntary commitment which ended in October 2023. This case has become moot because there is no redress the Court could offer. Therefore, this case is **dismissed for lack of jurisdiction.**

Mr. Myers' pending motions, dkt. [2], dkt. [8], and dkt. [9], are **denied as moot.**

## III. Certificate of Appealability

The Court finds that a certificate of appealability shall not issue. "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court does not have jurisdiction over Mr. Myers' petition because he has been released from involuntary commitment.

Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further. *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court therefore **denies** a certificate of appealability.

## IV. Conclusion

This action is **dismissed for lack of jurisdiction**. Dkt. [13]. No certificate of appealability shall issue. Mr. Myers' pending motions, dkt. [2], dkt. [8], and dkt. [9], are **denied as moot.**

Final judgment shall now issue.

**SO ORDERED.**

Date: 1/29/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS MYERS
5435 E. 16th St.
Indianapolis, In 46218

All ECF-registered counsel of record via email